CROCKETT *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

(No. 39357—Decided June 23, 1965.)

*Mr. George A. Crockett, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner alleges that he was arrested without a warrant, that his home was searched without a warrant (the officers found a 38-caliber revolver during such search), that he was without counsel, that he did not waive a jury trial and was not informed of his rights, and that he was not indicted for the crime to which he pleaded guilty.

The crime occurred on the evening of October 14, 1962, at about 11 o'clock. Petitioner was arrested early in the morning

of October 15, and about three hours after he was taken to the police station he confessed to the crime. When he first appeared before the Municipal Court he entered a no-contest plea because he did not have a lawyer. The hearing was continued. Subsequently, petitioner retained counsel who appeared with him at his preliminary hearing at which time he was bound over to the grand jury and released on bail. He remained on bail until the time of his arraignment. Although petitioner alleges that he was not represented by counsel at this time because he had no money, his counsel was present and persuaded the prosecuting attorney to accept the plea of manslaughter instead of second degree murder. Clearly, petitioner was represented by counsel, and his contention that he was not is without merit.

Petitioner's allegation as to an illegal search is without merit. Petitioner pleaded guilty, thus no evidence was introduced against him. Even if the state had illegally obtained evidence, inasmuch as it was not used, it did not affect the validity of his conviction. *Villasino* v. *Maxwell, Warden*, 174 Ohio St. 483, and *Poe* v. *Maxwell, Warden*, 177 Ohio St. 28.

Petitioner's arguments that he did not waive a jury in relation to the offense to which he pleaded guilty and that he was not indicted for the offense to which he pleaded guilty both arise from the fact that he was indicted for murder in the second degree and pleaded guilty to manslaughter. Petitioner's argument is not well taken.

Manslaughter is a lesser included offense of murder. *Wroe* v. *State*, 20 Ohio St. 460; *Bandy* v. *State*, 102 Ohio St. 384; *State* v. *Muskus*, 158 Ohio St. 276. Under the provisions of Section 2945.74, Revised Code, a jury could have found petitioner guilty of such lesser included offense, thus, *a fortiori*, petitioner could properly plead guilty to such lesser included offense. So long as the court is willing, an accused may plead guilty to a lesser included offense of the one for which he was indicted. *Collins* v. *Robbins, Warden*, 147 Maine, 163, 84 A. 2d 536, and 22 Corpus Juris Secundum 1169, Criminal Law, Section 422(2). Such plea constituted a waiver of jury.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.