DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Derrick English appeals from an order of the Lorain County Court of Common Pleas that denied his motion for discovery of grand jury transcripts. This Court affirms.
A portion of the essential facts underlying the instant appeal was previously set forth by this Court in State v. English
(Jan. 5, 2000), Lorain App. No. 99CA007305, unreported, at 1-2, as follows:
 On January 20, 1999, [English] pleaded guilty to one count of engaging in corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree; and three counts of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the first degree, and one count [of trafficking in cocaine in violation of R.C. 2925.03(A),] a felony of the second degree. [English] pleaded guilty to a major drug offender specification accompanying each of the foregoing charges. He also pleaded guilty to one count of permitting drug abuse in violation of R.C. 2925.13(A) and one count of possession of drug abuse paraphernalia in violation of R.C. 2925.14(C)(1).
* * *
 [English] was sentenced to concurrent prison terms totaling seventeen years, and the trial court ordered two automobiles owned by [English] to be forfeited to the State of Ohio.
English appealed to this Court, which upheld his convictions. Id.
During the pendency of his appeal, English filed two petitions in the trial court. The first filing was a May 25, 1999 petition for postconviction relief, which the trial court denied on June 29, 1999. English then filed a petition seeking disclosure of evidence presented to the Lorain County Grand Jury on July 7, 1999. The trial court denied the petition in an order journalized on July 12, 1999.
English timely appealed both court orders, asserting a single assignment of error in connection with the July 12, 1999 order:[1]
 Appellant was biased and prejudiced in violation of the Sixth
and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 16, of the Ohio Constitution by and through an abuse of discretion by the trial court, illegally denying appellant his State and Federal Constitutional rights to discovery of the grand jury minutes in his case.
In his sole assignment of error, English argues that the trial court erred in denying his request for discovery of the grand jury minutes related to the charges against him. The disclosure of grand jury proceedings is controlled by Crim.R. 6(E), which provides that "matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror * * * may [be disclosed] only when so directed by the court preliminary to or in connection with a judicial proceeding[.]" The Supreme Court of Ohio has held that the release of grand jury testimony, therefore, is within the sound discretion of the trial court. State v. Greer (1981), 66 Ohio St.2d 139, paragraph one of the syllabus. Such a holding is relevant in the instant case, for "[w]hile Greer deals with release in the pretrial and trial context, * * * its holding is also applicable in the post-conviction relief setting. Thus, [an appellate court] can reverse the decision to deny the release of grand jury testimony only if the trial court has abused its discretion." State v. Losey (June 3, 1998), Athens App. No. 97CA43, unreported; see, also, State v. Justice (Dec. 7, 1994), Summit App. No. 16725, unreported, at 2, fn. 1. An abuse of discretion is an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
This Court declines to say that such an abuse occurred in the instant case. In order to have been entitled to the minutes of the grand jury proceedings, English must have demonstrated both that the ends of justice require disclosure and that there exists a particularized need for disclosure that outweighs the need for secrecy. Greer, supra, at paragraph two of the syllabus. A particularized need "is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." Id. at paragraph three of the syllabus.
In an effort to demonstrate a particularized need, English asserts six grounds: (1) that "the ends of justice" require that he obtain the material in order to prepare a defense in the Supreme Court of Ohio and for federal habeas corpus petition; (2) that the state illegally obtained and presented evidence that "has been manifested from the `fruits of the poisoness [sic] tree'"; (3) that disclosure would not violate "the traditional reasons" for upholding the secrecy of the grand jury proceedings; (4) that the state of Ohio has continually used the grand jury minutes on direct appeal and in postconviction relief proceedings without making the material available to him; (5) that grounds exist for a motion to dismiss due to illegally obtained evidence presented to the grand jury; and (6) that Fed.R.Crim.P. (6)(e)(3)(C)(i)[2]
permits the trial court to remove the "veil of secrecy" surrounding grand jury proceedings.[3] Without such disclosure, English further asserts, his defense will be prejudiced and "a great injustice will be done."
None of English's grounds rise to the level of a particularized need. First, English's first and fourth grounds lack sufficient specificity; similar to the defendant in State v.Lawson (1992), 64 Ohio St.3d 336, English has cited "no specific facts from the record to support his particularized-need claim."Id. at 345. In the absence of such specific facts, this Court is left with mere speculation or conjecture as to English's specific rationale, which cannot suffice to establish particularized need. See State v. Webb (1994), 70 Ohio St.3d 325, 337-338; Lawson,supra, at 345.
Similarly, English's second and fifth grounds must also fail. In considering the issue of a defendant's failure to object to allegedly illegally obtained evidence prior to conviction, the Eighth District has explained that:
 Crim.R. 12(B)(3) requires that a motion to suppress evidence on the ground that it was illegally obtained must be raised prior to trial. Failure to file a motion to suppress constitutes a waiver of any defense or objection. State v. Sibert (1994), 98 Ohio App.3d 412. Because appellant withdrew his motion to suppress, the matter was never raised in the trial court. Failure to raise an apparent constitutional claim at the trial court level constitutes a waiver of that argument on appeal. State v. Awan (1986), 22 Ohio St.3d 120, 123. Although appellate courts have the discretion to review claims when they are not raised below, that discretion ordinarily is not exercised where the right to be vindicated was in existence prior to or at the time of trial. State v. Messer (1995), 107 Ohio App.3d 51, 58.
State v. Veras (July 8, 1999), Cuyahoga App. Nos. 74416 and 74466, unreported. Accordingly, because English never filed a motion to suppress the evidence against him in the proceedings below, despite the existence of the issue prior to his plea of guilty, he has waived any defense or objection to that evidence. Crim.R. 12(G); cf. Crockett v. Haskins (1965), 2 Ohio St.2d 322, 323
("Petitioner pleaded guilty, thus no evidence was introduced against him. Even if the state had illegally obtained evidence, inasmuch as it was not used, it did not affect the validity of his conviction."). As such, his post-conviction complaints regarding evidence that was never introduced against him due to his guilty plea cannot create particularized need.
In regard to the remaining grounds, this Court finds that English's third ground is a conclusory allegation, not a reason
constituting a particularized need. Further, English's reliance upon Fed.R.Crim.P. 6(e) in his sixth ground is wholly misplaced, as that rule is inapplicable to his proceedings in the Lorain County Court of Common Pleas. See Fed.R.Crim.P. 1 and 54(A).
Accordingly, because English has failed to establish a particularized need for disclosure of the grand jury proceedings, the judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT BAIRD, J., CARR, J.,Concur.
[1] English appealed the June 29, 1999 denial of his petition for postconviction relief separately. See State v. English (Mar. 8, 2000), Lorain App. No. 99CA007408, unreported.
[2] In his motion to the trial court and in his appellate brief, English misidentifies the allegedly relevant rule as Fed.R.Crim.P. 6(e)(2)(C)(i). Because no such section exists, this Court has substituted the section relevant to English's argument.
[3] English also quotes from Section 3500(b)(e)(3), Title 18, U.S. Code, without explaining its alleged relevance to his appeal. Because this Court cannot determine the applicability of this statute to the instant appeal, it need not be discussed further.