DECISION AND JOURNAL ENTRY
Appellant-defendant Ismael Marcial appeals from the denial of his motions to suppress and to withdraw his guilty plea in the Lorain County Court of Common Pleas. This Court affirms.
On September 9, 1992, appellant was indicted on one count of aggravated trafficking in drugs in violation of former R.C.2925.03(A)(6); one count of possession of criminal tools in violation of R.C. 2923.24(A); and one count of carrying a concealed weapon in violation of R.C. 2923.12(A). Appellant filed a motion to suppress the evidence and statements. After a hearing, the trial court denied the motion. On September 2, 1993, appellant entered a guilty plea and was scheduled to be sentenced on December 12, 1993. Appellant failed to appear for sentencing and a capias was issued for his arrest.
Over five years later, on April 2, 1999, appellant was arrested and brought before the court for sentencing. Prior to being sentenced, appellant orally requested permission to withdraw his guilty plea. The trial court denied appellant's request and sentenced him accordingly.
Appellant timely appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT HIS REQUEST TO WITHDRAW HIS GUILTY PLEA.
 Appellant urges this Court to "vacate the trial court's sentence and allow the appellant to enter a plea of not guilty to the charges," because, he avers, the trial court erred in denying his request to withdraw his guilty plea. This Court disagrees.
"The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. The Ohio Supreme Court has explained:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *"
 Id. at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
In the instant case, just prior to sentencing, appellant's attorney stated:
 Mr. Marcial has requested that I move to withdraw his plea of guilty in this case. Additionally, he indicates to me that his family has consulted with another lawyer that they might want to bring, but that person, who they don't know the name of, is not here today, could not be here today and would need a continuance to make an appearance.
 I just wanted to put those things on the record for the Court before we proceed.
 No basis was given for appellant's request to withdraw his plea. The trial judge denied appellant's request, stating that "I have heard nothing that would suggest to me that there is * * * any valid reason for withdrawing his previously entered plea which took place on September the 3rd of 1993."[1]
This Court finds that the trial court did not abuse its discretion in denying appellant's request to withdraw his guilty plea. Accordingly, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE[.]
 Appellant avers that the trial court erred in denying his motion to suppress evidence and statements obtained by police. However, "[a] plea of guilty waives constitutional violations involving inadmissible evidence." State v. Wilson (Apr. 3, 1985), Medina App. No. 1349, unreported, citing Crockett v. Haskins (1965), 2 Ohio St.2d 322. Therefore, appellant's second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J., CONCUR.
[1] Although not assigned as error, appellant contends that he was entitled to, but did not receive, a full hearing on his request to withdraw his guilty plea. Although appellant was given the opportunity, he failed to offer any reason for his request. Appellant merely stated that he wished to "move to withdraw his plea of guilty[.]" In essence the court did hold a hearing; the court gave appellant the opportunity to be heard, and no further inquiry was required based on the fact that appellant had failed to offer any argument in support of his motion.