GUNNELL, APPELLANT, *v.* LAZAROFF, WARDEN, APPELLEE.

[Cite as *Gunnell v. Lazaroff* (2000), 90 Ohio St.3d 76.]

(No. 00–740—Submitted August 22, 2000—Decided September 20, 2000.)

*Kevin B. Gunnell*, pro se.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

---

***Per Curiam.*** We affirm the judgment of the court of appeals. Gunnell's claims challenge the validity and sufficiency of his indictment and should have been raised by an alternative remedy in the ordinary course of law, *e.g.*, appeal,

rather than by extraordinary writ. See *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591; *Wilkerson v. Mitchell* (1999), 87 Ohio St.3d 52, 716 N.E.2d 1157, 1158. Further, the indictment did charge Taylor with aggravated murder and aggravated robbery, and he entered a guilty plea to involuntary manslaughter, which is a lesser included offense of the charged offense of aggravated murder. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph one of the syllabus. An accused can properly plead guilty to a lesser included offense of the charge for which he was indicted, and habeas corpus will not lie to challenge a conviction on this plea. *Crockett v. Haskins* (1965), 2 Ohio St.2d 322, 31 O.O.2d 580, 208 N.E.2d 744. Therefore, Gunnell was not convicted and sentenced upon an uncharged offense.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.