[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 76.]

GUNNELL, APPELLANT, *v.* LAZAROFF, WARDEN, APPELLEE.

[Cite as *Gunnell v. Lazaroff*, 2000-Ohio-26.]

*Habeas corpus relief sought to compel release from Orient Correctional Institution—Court of appeals' dismissal of petition affirmed.*

(No. 00-740—Submitted August 22, 2000—Decided September 20, 2000.)

APPEAL from the Court of Appeals for Pickaway County, No. 00CA14.

_____

{¶ 1} In June 1992, appellant, Kevin B. Gunnell, was indicted on one count of aggravated murder and one count of aggravated robbery with accompanying firearm specifications. Gunnell pled guilty to involuntary manslaughter, which had been stipulated to be a lesser included offense of the aggravated murder charge. In July 1992, the Franklin County Court of Common Pleas convicted Gunnell of involuntary manslaughter and sentenced him to a prison term of six to twenty-five years.

{¶ 2} In May 1999, Gunnell filed a postsentence motion to withdraw his guilty plea. Gunnell claimed that he should be permitted to withdraw his guilty plea because the state presented evidence of an uncharged offense, *i.e.*, complicity or "co-defendant/joint offender" under Crim.R. 8(B). The common pleas court denied Gunnell's motion.

{¶ 3} In February 2000, Gunnell filed a petition in the Court of Appeals for Pickaway County for a writ of habeas corpus to compel appellee, Orient Correctional Institution Warden Alan Lazaroff, to release Gunnell from prison. Gunnell claims entitlement to the writ because his indictment failed to charge the offense for which he was convicted and thus rendered his conviction and sentence void. The court of appeals dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

*Kevin B. Gunnell, pro se.*

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 5}** We affirm the judgment of the court of appeals. Gunnell's claims challenge the validity and sufficiency of his indictment and should have been raised by an alternative remedy in the ordinary course of law, *e.g.*, appeal, rather than by extraordinary writ. See *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591; *Wilkerson v. Mitchell* (1999), 87 Ohio St.3d 52, 716 N.E.2d 1157, 1158. Further, the indictment did charge Taylor with aggravated murder and aggravated robbery, and he entered a guilty plea to involuntary manslaughter, which is a lesser included offense of the charged offense of aggravated murder. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph one of the syllabus. An accused can properly plead guilty to a lesser included offense of the charge for which he was indicted, and habeas corpus will not lie to challenge a conviction on this plea. *Crockett v. Haskins* (1965), 2 Ohio St.2d 322, 31 O.O.2d 580, 208 N.E.2d 744. Therefore, Gunnell was not convicted and sentenced upon an uncharged offense.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____