OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, David Hess, appeals the decision of the Jefferson County Court of Common Pleas finding Hess guilty of burglary, theft of firearms, and carrying a concealed weapon with firearm specifications and sentencing him accordingly. The issues before this court are whether the trial court improperly amended the charging instrument, whether the trial court improperly instructed the jury, and whether his convictions are against the manifest weight of the evidence.
 {¶ 2} First, the indictment contained different charges than those contained in the initial complaint, but this was not an improper amendment to the charging instrument since the complaint is not a sufficient charging instrument under either the State or Federal Constitution. Second, while the trial court may have not properly labeled the offenses when instructing the jury, it did properly instruct the jury on the elements of the offenses and corrected its error at sentencing. Finally, the fact that some evidence supported Hess' version of events does not mean his conviction is against the manifest weight of the evidence since ample evidence supports his conviction. For these reasons, the judgment of the trial court is affirmed.
 Facts {¶ 3} At 8:30 p.m. on May 9, 2002, Alex and Mary Kay Basluke left their home to visit Mr. Basluke's sister. They returned home approximately two hours later. Mrs. Basluke proceeded inside their home while Mr. Basluke went to the garage to feed their cat and put it away for the night. When he entered the garage, he noticed some things were out of place, notably a rifle, and smelled marijuana. He picked up the rifle and proceeded to discover Hess hiding behind a set of shelves. Mr. Basluke ordered Hess into a chair at gunpoint and called the police. After the police arrived, they discovered Hess' vehicle parked down an alley. Firearms and other items stolen form the Baslukes' garage were in that vehicle's trunk. Hess claimed that two men approached him and offered to trade him the stolen items for his car and that he did not know the items were stolen. He stated he believed the garage belonged to those two men.
 {¶ 4} Hess was arrested. The complaint initially filed against him charged him with robbery. Subsequently, Hess was indicted for aggravated burglary, two counts of theft, receiving stolen property, and carrying as concealed weapon. Most of those offenses carried firearm specifications. The case proceeded to a jury trial. The jury found Hess guilty of aggravated burglary, theft, and carrying a concealed weapon with the firearm specifications. The trial court sentenced Hess for those offenses, except that it sentenced Hess for burglary rather than aggravated burglary, to an aggregate prison term of nine years.
 {¶ 5} Hess' appellate counsel argues one assignment of error on appeal dealing with the weight of the evidence. This court also granted Hess leave to file a pro se supplemental brief. In that brief, Hess argues one assignment of error which contains five subparts. That assignment of error deals with, among other things, defining exactly what charges Hess was convicted of. Because portions of Hess's pro se arguments will address exactly what charges he was convicted of, we will address that assignment of error before addressing whether the weight of the evidence supports Hess' conviction.
 Pro se Assignment of Error {¶ 6} In the assignment of error Hess argues pro se, he alleges as follows:
 {¶ 7} "The original complaint filed against Appellant was amended changing the name or identity of the original crime charged prejudicing Appellant and resulting in:
 {¶ 8} "A. Subsequent amendment to the original complaint
 {¶ 9} "B. De facto amendment to the indictment by the trial court
 {¶ 10} "C. Breach of a contract by the State
 {¶ 11} "D. An improper charge when instructing the jury on the crime of aggravated burglary
 {¶ 12} "E. Cumulative error violating Appellant's rights."
 {¶ 13} The State has not filed a brief responding to Hess' pro se assignment of error. Hess makes three basic arguments. First, he argues the State was not allowed to indict him on different charges than those contained in the complaint originally filed against him. Second, Hess contends the trial court erred when charging the jury on aggravated burglary and then reducing the crime he was found guilty of to burglary. Finally, he argues that the cumulative errors in this trial mandate a reversal.
 Difference in Charges between Indictment and Complaint {¶ 14} Hess' first set of arguments concern the fact that he was indicted on different charges than those contained in the complaint originally filed against him. He contends that an indictment which contains charges different than those contained in the complaint is an illegal amendment of the complaint. He further argues that the indictment was a breach of a contract he had with the prosecutor. Finally, he argues that because the indictment was issued one month prior to trial, he was denied the ability to prepare an adequate defense, forcing him to choose between his constitutional rights to a speedy trial and to be informed of the charges against him.
 {¶ 15} Crim.R. 7(D) provides the trial court may amend the complaint, information, or indictment any time before trial provided no change is made in the name or identity of the crime charged and the defendant is not prejudiced by that change. Hess argues that the indictment issued by the grand jury amended the complaint filed against him and changed the name and identity of the crime charged since the indictment contained different charges than those in the complaint. Accordingly, he believes this was an illegal amendment of the original complaint.
 {¶ 16} What Hess fails to appreciate is that an indictment is a different charging instrument than a complaint. A complaint is the basic charging instrument in all criminal proceedings in this state. State v.Wood (1976), 48 Ohio App.2d 339, 343. It is a written statement of the essential facts constituting the offense charged and may be made by either a police officer or a private citizen having knowledge of the facts. Crim.R. 3; R.C. 2935.09. In contrast, an indictment is issued by the grand jury after twelve jurors have concurred on the charges. Ohio Const., Article I, Section 10; R.C. 2939.20. It specifies that the defendant has committed a public offense "in ordinary and concise language without technical averments or allegations not essential to be proved." Crim.R. 7(B).
 {¶ 17} Both the Ohio and United States Constitutions provide that an individual accused of a felony is entitled to an indictment setting forth the nature and cause of the accusation. State v. Baker (2000),137 Ohio App.3d 628, 644. If the accused waives the right to an indictment, then the offense may be prosecuted by information. Crim.R. 7(A). A complaint accusing a person of committing a felony is simply not sufficient to charge someone with a felony under either the Criminal Rules or the State and Federal Constitutions. See State v. Moore (2001),145 Ohio App.3d 213, 215-216. An indictment generally renders any defects in the proceedings arising from the complaint moot. State v. Washington
(1986), 30 Ohio App.3d 98, 99. Fundamentally, when the grand jury issued the indictment it did not amend the complaint since it was an indictment, not another complaint. The fact that the indictment contains different charges than the complaint is not a violation of either Crim.R. 7(D) or due process. Hess' argument is meritless.
 {¶ 18} Hess also claims the prosecutor breached a contract with him when the grand jury indicted Hess. As evidence of this contract, Hess points to a document filed before the case was transferred to the court of common pleas which stated that the complaint would be amended to contain counts of grand theft and breaking and entering rather than robbery. It also stated that Hess waived his right to a preliminary hearing. Finally, it concluded that the matter would be sent to the grand jury. Hess claims this "agreement" was elicited by the State in order to invoke his cooperation and to build a foundation for a plea agreement. He then alleges the State did not inform him that the grand jury might "amend" the complaint.
 {¶ 19} Besides the fact that it is questionable whether the document Hess points to actually reflects any kind of contract between he and the State, any defect in this procedure would be rendered moot by Hess's subsequent indictment. See Washington at 99. Accordingly, this argument is meritless.
 {¶ 20} Finally, Hess claims that he did not have time to prepare a defense between the indictment and trial. He has waived this argument. A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. State v. Nields (2001), 93 Ohio St.3d 6,27; State v. Campbell (1994), 69 Ohio St.3d 38, 40. Hess never requested a continuance of his trial date. Accordingly, he cannot now complain that he did not have time to prepare an adequate defense. In conclusion, this, as well as Hess' arguments regarding the different charges in the indictment and the complaint are meritless.
 Not Sentenced for Same Crime that the Jury Found Him Guilty Of {¶ 21} Hess' second category of arguments addresses the fact that he was allegedly sentenced for a crime the jury did not find him guilty of. He claims that in doing so, the trial court improperly made a de facto amendment to the indictment and improperly instructed the jury.
 {¶ 22} Hess' argument is based upon the fact that although the indictment charged him with aggravated burglary, he was sentenced for burglary. Hess' argument ignores the fact that burglary is a lesser included offense of aggravated burglary. State v. Kilby (1977),50 Ohio St.2d 21, paragraph two of the syllabus. A person may be convicted of an offense not contained in the indictment if that offense is a lesser included offense of a charged offense. See Gunnell v.Lazaroff (2000), 90 Ohio St.3d 76. Accordingly, Hess's argument that the trial court made an improper de facto amendment to his indictment when it sentenced him for burglary is meritless.
 {¶ 23} Hess then argues the trial court erred when instructing the jury. The trial court instructed the jury on the offense of aggravated burglary as follows:
 {¶ 24} "Count A, aggravated burglary. The Defendant is charge [sic] with aggravated burglary. Before you can find the Defendant guilty you must find beyond a reasonable doubt that on or about May 9th, 2002, at Jefferson County, Ohio, that the Defendant, David Hess, did by force, stealth or deception trespass in an occupied structure or separately secured or separately occupied portion of an occupied structure with purpose to commit therein a criminal offense.
 {¶ 25} "If you find Defendant guilty of Count A then you will separately determine whether or not the State of Ohio has proven beyond a reasonable doubt that the offense was committed while another person other than an accomplice of the offender was present.
 {¶ 26} "If you find Defendant guilty of Count A then you will separately determine whether or not the State of Ohio has proven beyond a reasonable doubt that the offense — when the offense was committed that the Defendant had a deadly weapon on or about his person or under his control." Tr. at 326-327.
 {¶ 27} R.C. 2911.11(A) defines aggravated burglary as follows:
 {¶ 28} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 29} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 30} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control." Id.
 {¶ 31} The trial court sentenced Hess for burglary under R.C.2911.12(A)(3) which is defined as follows:
 {¶ 32} "(A) No person, by force, stealth, or deception, shall * * *
 {¶ 33} "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense." Id.
 {¶ 34} As can be seen, aggravated burglary contains two more elements than burglary. In order to be convicted of aggravated burglary, a person other than the defendant's accomplice must be present in the structure when the offense is committed and either of the elements in R.C. 2929.11(A)(1) or (2) must be present in addition to the regular burglary elements. What is significant in this case is that the trial court made these additional elements of aggravated burglary additional findings rather than describing them as elements of the offense. In other words, the trial court told the jury that the elements of burglary were the elements of aggravated burglary and that it should only make the additional findings if it found him guilty of aggravated burglary.
 {¶ 35} While the trial court's instruction to the jury was error, we will not vacate Hess' conviction since he was not prejudiced by this error. The trial court told the jury it was instructing it on the offense of aggravated burglary, but then gave the jury the elements of the lesser included offense of burglary. The jury clearly indicated with its findings that it found Hess guilty of the elements of burglary, but not guilty of all the elements comprising aggravated burglary. The trial court then sentenced Hess for burglary, the offense which matched the elements of the crime the jury found Hess guilty of. In some cases, there might be a concern when a court tells a jury that the elements of one crime are actually the elements of a different crime. But since burglary is a lesser included offense of aggravated burglary and we know exactly which elements the jury found Hess guilty of committing, those concerns do not apply in this case. The jury found Hess guilty of all the elements of burglary as defined at R.C. 2911.12(A)(3). Accordingly, in this case the trial court properly sentenced him for that offense. Hess' arguments relating to these alleged errors are meritless.
 Cumulative Error {¶ 36} Hess' final argument within this assignment of error is that the cumulative errors which occurred at trial deprived him of a fair trial. In this argument, he refers to the alleged errors discussed above, but also argues there was insufficient evidence to support the original indictment and that there was prosecutorial misconduct during closing arguments. Under the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for reversal. Statev. Garner (1995), 74 Ohio St.3d 49, 64. This doctrine is inapplicable when there are not multiple instances of harmless error. Id.
 {¶ 37} In this case, Hess cannot point to multiple instances of harmless error, because he did not object to any of the "errors" that he now complains of. Generally, the failure to raise an issue at the trial court level waives all but plain error on appeal. State v. Issa (2001),93 Ohio St.3d 49, 56. Since there are not multiple instances of harmless error, this argument is also meritless. And since all Hess's arguments in support of his pro se assignment of error are meritless, the assignment of error as a whole is meritless.
 Manifest Weight of the Evidence {¶ 38} In the sole assignment of error argued by counsel, Hess alleges:
 {¶ 39} "The jury verdict of guilty for the offenses of burglary (with a one year firearm specification), theft (with a one year firearm specification) and carrying a concealed weapon (with a prior conviction specification) was against the manifest weight of the evidence."
 {¶ 40} Hess' argument in support of this assignment of error can best be described as abrupt since his argument in support of this assignment of error is less than a page. He basically argues his convictions were against the manifest weight of the evidence since there was some evidence supporting his version of events. In response, the State argues that the evidence does not demonstrate that the jury lost its way when it found Hess guilty of all three counts.
 {¶ 41} When reviewing a manifest weight claim, this court's role is to examine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193. To do this, we sit as the "thirteenth juror", examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983) 20 Ohio App.3d 172,175. "`The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. at 387, quoting Martin at 175.
 {¶ 42} Hess argues his conviction is against the manifest weight of the evidence for two reasons. First he argues his conviction is against the manifest weight of the evidence since the police could not recover any usable prints on the stolen items. Second, he argues an independent witness confirmed his version of events. It appears neither of these facts demonstrates that Hess' conviction is against the manifest weight of the evidence.
 {¶ 43} Hess' defense was based on his version of events. According to Hess, after he and Burrows arrived at Bess' house, two men came to the door asking whether they could buy Hess' car. When he went outside, they offered to trade him guns and other items for the car. Hess stated he was not interested, but the men said they had other items they could trade in their garage. So he followed them to the garage to look at what else they had to offer him. Before leaving for the garage, the men put the stolen items into the trunk of his car. Soon after entering the garage with the men, Hess states that headlights pulled up and one man said, "Who's that?" The men went outside to investigate but did not return. A few minutes later Mr. Basluke entered the garage yelling at Hess at gunpoint.
 {¶ 44} Hess argues the lack of recoverable fingerprints on the stolen property supports his version of what happened and demonstrates that his conviction was against the manifest weight of the evidence. And it is true that if the State had been able to recover fingerprints from the stolen items, then its case that Hess stole the items may have been stronger. But the fact that it did not recover usable prints does not appear to be fatal. When Hess was discovered in the garage there were gloves at his feet. In addition, the stolen property was found in the trunk of the car and he admitted he had keys to the car. If the jury disbelieved Hess, then there was ample explanation for the lack of recoverable fingerprints on the stolen items.
 {¶ 45} Likewise, the fact that another witness' testimony could support Hess' version of events does not mean that his conviction was against the manifest weight of the evidence. A neighbor, Betty Vance, saw two men running through the Baslukes' yard away from his house at about the same time that the two men allegedly left Hess in the Baslukes' garage. Hess argues that this demonstrates that his version of events was true, so his conviction was against the manifest weight of the evidence. But this does not appear to be the case. The jury could have concluded that Hess was partners with the two men running away or that the two running men were not related to the offenses committed in this case.
 {¶ 46} In conclusion, Hess has failed to demonstrate that his conviction is against the manifest weight of the evidence. Accordingly, this assignment of error is meritless.
 {¶ 47} Hess' assignments of error are meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.