OPINION AND JOURNAL ENTRY
{¶ 1} On February 20, 2004, Hess filed an application to reopen the appeal this court decided on December 2, 2003, styledState v. Hess, 7th Dist. No. 02 JE 36, 2003-Ohio-6721. Hess additionally argues our original opinion is defective and asks that we reconsider it.
 {¶ 2} Because Hess's request is untimely, we cannot address the issues he raises for reconsideration. Further, we will not grant his application to reopen his appeal for two reasons. First, Hess has failed to present any arguments in support of his claim that appellate counsel's performance was deficient. Second, we granted Hess the opportunity to supplement his counsel's appellate brief with additional pro-se assignments of error, he filed his supplemental arguments, and we addressed them in our opinion. Hess is barred by the doctrine of res judicata from raising any issue now which he could have raised in that supplemental brief. Accordingly, Hess's applications for reconsideration and to reopen this appeal are both denied.
 {¶ 3} As stated above, in addition to raising his claim that counsel was ineffective, Hess expresses disagreement with this court's initial opinion. But Hess raises those arguments in an untimely fashion. Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "`calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.'" Juhasz v. Costanzo (Feb. 7, 2002), 7th Dist. No. 99-CA-294, quoting Columbus v. Hodge
(1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus. These are the types of arguments Hess is attempting to raise.
 {¶ 4} But App.R. 26(A) requires that an application for reconsideration must be filed within ten days after the announcement of the court's decision. Hess's request was not filed until ten weeks after our opinion in his case was released. An untimely application for reconsideration must be denied.Martin v. Roeder (1996), 75 Ohio St.3d 603. Accordingly, we will not address Hess's request that we reconsider our opinion.
 {¶ 5} App.R. 26(B) allows a criminal defendant to apply for reopening of his appeal based on a claim of ineffective assistance of appellate counsel. In the application, the defendant must provide one or more assignments of error that previously were not considered on the merits in the case by any appellate court because of appellate counsel's deficient representation and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record. App.R. 26(B) (2(c), (d). In his application for reopening, Hess lists ten assignments of error. But his application contains no arguments in support of his proposed assignments of error. Without some explanation of why counsel was ineffective for failing to raise these assignments of error, we cannot grant Hess's application for reopening.
 {¶ 6} Finally, Hess's claims are barred by the doctrine of res judicata. During his direct appeal, Hess expressed dissatisfaction with his counsel's representation. Accordingly, we allowed him to supplement his counsel's brief with further assignments of error. We then addressed the arguments he raised in our opinion. The assignments of error which Hess now wishes to argue could have been raised in his supplemental brief.
 {¶ 7} "Res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." State v. Houston (1995),73 Ohio St.3d 346, 347. We have previously applied the doctrine of res judicata to claims of ineffective assistance of appellate counsel made in an App.R. 26(B) application for reopening when an applicant has previously filed a pro-se supplemental brief and assignments of error on direct appeal and are not the only appellate court to have done so. See State v. Bellish (Mar. 31, 1998), 7th Dist. No. 87 C.A. 78; see, also, State v. Fanning,
8th Dist. Nos. 71189, 2002-Ohio-4888, ¶ 6. Each argument that Hess claims his counsel was ineffective for not raising was an issue Hess either raised or had an opportunity to raise in his supplemental brief. We will not reopen this appeal to allow Hess to have a second bite at the apple.
 {¶ 8} For these reasons, Hess's applications for reconsideration and to reopen his appeal are denied.
Donofrio, Vukovich and DeGenaro, JJ., concur.