PER CURIAM OPINION
{¶ 1} Appellant, Ronald Dudas, appeals the judgment entry of the Lake County Court of Common Pleas, denying his post-sentence request for production of documents filed pursuant to Civ. R. 34 and his "investigative demand against state." For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant pled guilty in two cases that were consolidated in the trial court. After two days of jury trial in Case No. 06CR000560, "the murder conspiracy case," appellant pled guilty to four counts of intimidation against Detective Simon Cesareo of the North Olmsted Police Department and Cuyahoga County Common Pleas Judge David T. Matia and one count of retaliation against Judge Matia. In Case No. 06CR000700, "the corrupt activity case," appellant pled guilty to one count of engaging in a pattern of corrupt activity, one count of tampering with records, one count of forgery, one count of felony theft, one count of uttering, one count of securing writings by deception, and one count of telecommunications fraud.
 {¶ 3} In the murder conspiracy case, appellant hired a hitman to murder Judge Matia and to break Detective Cesareo's legs in retaliation for their roles in investigating and sentencing him in a prior felony theft case.
 {¶ 4} In the corrupt activity case, appellant formed and carried on an enterprise for the ostensible purpose of providing loans to individuals in desperate financial straits, but with the true purpose of stealing their funds and real estate. He set up and operated mortgage companies to accomplish this purpose. Many of appellant's victims were near foreclosure, and he took advantage of their plight by stealing the last of their assets. Appellant created false loan documents and mortgages using the name and credit of his victims to obtain loans from lenders on behalf of his victims. He then stole the proceeds from these loans. He stole in excess of one million dollars from multiple victims, driving many of them into financial ruin and/or bankruptcy. The indictment listed 35 victims. He stole more than $100,000 apiece from 14 separate victims. *Page 3 
 {¶ 5} Following a sentencing hearing on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years, each term to run concurrently to the others. The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 6} In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud. The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a total of 30 years in prison.
 {¶ 7} Appellant appealed his conviction in State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, discretionary appeal not allowed, 118 Ohio St.3d 1409, 2008-Ohio-2340 ("Dudas I "), and this court affirmed his conviction.
 {¶ 8} Following appellant's conviction, he filed a myriad of pro-se-post-sentence motions and appealed the trial court's denial of these motions. In State v. Dudas, 11th Dist. No. 2007-L-074,2007-Ohio-6731 ("Dudas II"), this court affirmed the trial court's denial of appellant's motion to require the state to return his laptop computer and his *Page 4 
personal and business files. He argued the state seized his property in an unlawful search and then used it against him.
 {¶ 9} In State v. Dudas, 11th Dist. Nos. 2007-L-140 and 2007-L-141,2008-Ohio-3262 ("Dudas III"), this court affirmed the trial court's order dismissing appellant's petition for post conviction relief. Appellant again argued the state unlawfully searched his home or offices and seized his computer and files. He also argued his trial counsel was ineffective in not filing a motion to suppress.
 {¶ 10} In State v. Dudas, 11th Dist. No. 2007-L-169, 2008-Ohio-3261
("Dudas IV"), this court affirmed the trial court's judgment denying appellant's motion to compel two victims of his theft scheme to return his property. Appellant argued the state had unlawfully searched and seized his property.
 {¶ 11} In State v. Dudas, 11th Dist. Nos. 2007-L-170 and 2007-L-171,2008-Ohio-3260 ("Dudas V"), this court affirmed the trial court's judgment denying appellant's Civ. R. 60 motion for relief from judgment. Appellant again argued the state seized his computer and files in an unlawful search.
 {¶ 12} In State v. Dudas, 11th Dist. Nos. 2008-L-081 and 2008-L-082, 2008-Ohio-7043 ("Dudas VI"), this court affirmed the trial court's judgment denying appellant's motion to withdraw his guilty plea. Once again, appellant argued that the state unlawfully searched his property and that his trial counsel was ineffective.
 {¶ 13} In State v. Dudas, 11th Dist. Nos. 2007-L-189 and 2007-L-190,2008-Ohio-6983 ("Dudas VII"), this court affirmed the judgment of the trial court denying appellant's petition to return all seized contraband from law enforcement officials. Appellant argued the state unlawfully seized his property and used it against him. *Page 5 
 {¶ 14} In addition, by our judgment entry, dated June 3, 2008, we denied appellant's motion for reconsideration, in which he argued his trial counsel was ineffective in failing to challenge the state's search and seizure of his property.
 {¶ 15} On March 17, 2008, one and one-half years after he was sentenced, appellant filed a "Civil Rule 34 request for production of documents" and a "civil investigation demand against state (sic)." The trial court denied these requests by its judgment entry, dated April 11, 2008. Appellant now appeals the trial court's judgment, asserting three assignments of error. For his first assigned error, appellant asks:
 {¶ 16} "DID THE TRIAL COURT ERROR [SIC] BY DENYING THE APPELLANTS [SIC] MOTION FOR DISCOVERY UNDER CIVIL RULE 34 [SIC] CRIMINAL RULE 16?"
 {¶ 17} Appellant argues the trial court erred in not allowing him to conduct discovery after his sentence. He contends that if the court had permitted him to obtain discovery and an investigation, he would have been able to prove that the state had unlawfully seized his property and set him up.
 {¶ 18} Initially, we note that, contrary to appellant's argument on appeal, in his request for production of documents he only asked for discovery under Civ. R. 34, not Crim. R. 16. Therefore, to the extent his argument on appeal addresses his rights under Crim. R. 16, it is not well taken because the issue was never before the trial court and not preserved for appeal. "Generally, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Gordon (1971), 28 Ohio St.2d 45, at *Page 6 
paragraph two of the syllabus; State v. Glaros (1960), 170 Ohio St. 471, at paragraph one of the syllabus; State v. Driscoll (1922),106 Ohio St. 33, 38. "Any other rule would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error." Id. at 39.
 {¶ 19} Moreover, appellant was not entitled to discovery under Civ. R. 34 because that rule does not apply to criminal cases. Civ. R. 1. The Ohio Rules of Civil Procedure "prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity ***." Id. Moreover, Crim. R. 1 provides the Ohio Rules of Criminal Procedure "prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction ***." As a result, appellant is not entitled to discovery under the civil rules in his criminal case, and his first assignment of error is not well taken.
 {¶ 20} We note that discovery is provided for in criminal cases at Crim. R. 16, and that appellant requested and obtained discovery from the state pursuant to that rule while his cases were pending. As a result, even if appellant was entitled to production of documents under Civ. R. 34, he would not have been prejudiced by the trial court's denial of this request.
 {¶ 21} Finally, we observe that appellant offers no authority and no argument in support of his demand for an investigation against the state. For this reason alone, his *Page 7 
demand is not well taken. App. R. 16(A)(7). In any event, such demand is not legally cognizable.
 {¶ 22} Appellant's first assignment of error is not well taken.
 {¶ 23} The issues asserted in appellant's second and third assignments of error are interrelated, and we shall therefore consider them together. For these assigned errors, he alleges:
 {¶ 24} "[2.] THE TRIAL COURT ERR'D [SIC] BY DENYING APPELLANTS [SIC] MOTION FOR PRODUCTION OF DOCUMENTS [SIC] CIVIL INVESTIGTION NEEDED TO PROVE APPELLANTS [SIC] CLAIMS.
 {¶ 25} "[3.] PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PRESENT PETITIONER'S 4TH AMENDMENT CLAIMS BASED ON NO TACTICAL DECISION DENYING HIM HIS 6TH
AMENDMENT RIGHT TO AN ADVERSARIAL TESTING. COUNSEL'S FAILURE TO PRESS A MOTION TO SUPPRESS EVIDENCE SEIZED BY ILLEGAL MEANS [SIC] WITH NO PROPER WARRANT. [SIC]"
 {¶ 26} Appellant's sole argument under these assigned errors challenges the effectiveness of his trial counsel. Appellant argues his counsel was ineffective because he failed to assert a Fourth Amendment violation below and failed to conduct discovery, which, he argues, would have revealed the existence of such violation. However, appellant's argument fails for several reasons.
 {¶ 27} First, appellant did not argue in his request for production that his trial counsel was ineffective. He makes this argument for the first time on appeal. Appellant *Page 8 
therefore failed to preserve this issue for appeal, and for this reason alone these assignments of error lack merit. Gordon, supra.
 {¶ 28} However, even if the issue was properly before us, these assigned errors would lack merit. Appellant's ineffective-assistance claim is premised on his attorney's failure to assert the alleged unlawful search and seizure of his property. By pleading guilty, appellant waived the right to assert a Fourth Amendment violation that allegedly occurred before the entry of his plea. See Crocket v.Haskins (1965), 2 Ohio St.2d 322, 323; see, also, Villasino v.Maxwell (1963), 174 Ohio St. 483, 484; Poe v. Maxwell (1964),177 Ohio St. 28, 29. "Petitioner in the instant case pleaded guilty. Thus, there was no trial and no evidence was introduced. Even if the state had illegally obtained evidence in its possession, where such evidence is not used, the mere possession thereof by the state does not invalidate the conviction." Id.
 {¶ 29} The United States Supreme Court has held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v.Henderson (1973), 411 U.S. 258, 267.
 {¶ 30} The Supreme Court in Lefkowitz v. Newsome (1975), 420 U.S. 283, further held:
 {¶ 31} "In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to *** admissibility of various pieces of evidence ***. A defendant who chooses to plead guilty rather than go to trial in effect deliberately refuses to present his federal claims to the *Page 9 
state court in the first instance. *** Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. *** It is in this sense, therefore, that ordinarily `a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" (Citations omitted.) Id. at 289, quotingTollett, supra, at 267.
 {¶ 32} The United States Supreme Court held in Haring v. Prosise
(1983), 462 U.S. 306:
 {¶ 33} `*** [A] counseled plea of guilty is an admission of factual guilt [] so reliable that *** it quite validly removes the issue of factual guilt from the case. *** A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.' (Emphasis sic.) Id. at 321, quoting Menna v. New York
(1975), 423 U.S. 61, at 62-63, n. 2.
 {¶ 34} Thus, by entering his guilty plea, appellant waived any claim based on the alleged unlawful search and seizure of his property, including his claim that his attorney's failure to assert a Fourth Amendment violation constituted ineffective assistance.
 {¶ 35} In addition, appellant's claim that his trial counsel was ineffective could have been raised in Dudas I. In fact, he did raise such claim in Dudas III and Dudas VI. As a result, his ineffective-assistance claim is barred by res judicata. Our holding inDudas III is pertinent here. In that case we held: *Page 10 
 {¶ 36} "Appellant argues that his trial counsel's *** failure to file a suppression motion regarding the alleged search and seizure of his laptop computer and files resulted in the ineffective assistance of counsel.
 {¶ 37} "*** [T]here is no evidence in the record that the state seized appellant's property through a search. In fact, the state represented to the court that it never seized this property. The warrant submitted by appellant with his petition, while referencing facts occurring in 2001, is undated and unsigned and provides no evidence that any search resulted in the seizure of his property." Id. at ¶ 90-91.
 {¶ 38} As a result, appellant previously asserted an ineffective-assistance claim based on his counsel's failure to assert a Fourth Amendment violation. The argument he now presents is therefore also barred by res judicata. State v. Szefcyk, 77 Ohio St.3d 93, 95,1996-Ohio-337, see also, State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 39} Next, we note appellant presented no evidence in support of his argument. For example, there is no evidence in the record that a search was ever performed by the state, the circumstances of the alleged search, when or where it was performed, and what, if anything, was searched or seized. An appellate court in determining the existence of error is limited to a review of the record. State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v.Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. Without any evidence in support of appellant's assignment of error, there is nothing for us to consider. Dudas II at ¶ 15. On appeal it is the appellant's responsibility to support his argument by evidence in the record that supports his or her assigned errors. Columbus v.Hodge (1987), *Page 11 37 Ohio App.3d 68, at paragraph two of the syllabus. Without a transcript we are bound to presume the regularity of the proceedings and affirm. State v.Yankora (Mar. 16, 2001), 11th Dist. No. 2000-A-0033, 2001 Ohio App. LEXIS 1230, *6-*7.
 {¶ 40} Because appellant does not reference the record in support of these assigned errors, they lack merit.
 {¶ 41} Finally, appellant argues that if his attorney had investigated the alleged search and seizure of his property, he would not have pled guilty. He claims his guilty plea was therefore not voluntarily entered. A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378*5; see, also, State v.Kapper (1983), 5 Ohio St.3d 36,38. In Malesky, the court held:
 {¶ 42} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id. at *5.
 {¶ 43} In Kapper, the Supreme Court adopted the following rationale:
 {¶ 44} "`*** [A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's ownself-serving declarations or affidavits alleging a coerced guilty pleaare insufficient to rebut the record on review which shows that his pleawas voluntary. A *Page 12 letter or affidavit from the court, prosecutors or defense counselalleging a defect in the plea process may be sufficient to rebut therecord on review and require an evidentiary hearing.'" (Emphasis added.) Id. at 38, quoting State v. Jackson (1980), 64 Ohio St. 2d 107.
 {¶ 45} Our holding in Dudas VI is pertinent here: "Based on our thorough and complete review of the record, the trial court scrupulously complied with Crim. R. 11(C), and the record demonstrates appellant's guilty plea was entered voluntarily. Further, there is no evidence or affidavits showing trial counsel was deficient or that their representation induced appellant's guilty plea." Id. at ¶ 58
 {¶ 46} Since we have previously held that appellant's guilty plea was voluntarily entered and he has failed to rebut the record that shows his plea was voluntary, his argument that his plea was not voluntarily entered lacks merit.
 {¶ 47} Appellant's second and third assignments of error are not well taken.
 {¶ 48} We further note that these appeals are based on the same search-and-seizure argument we have determined to be without merit in six prior appeals. Including his motion for reconsideration, appellant has now asked us to consider the same issue eight times.
 {¶ 49} For the reasons stated in the Per Curiam Opinion of this court, the assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1