[Cite as *State v. Peterson*, 2022-Ohio-2766.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109306 |
| v. | : | |
| DAMIEN L. PETERSON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 10, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-19-639520-A
Application for Reopening
Motion No. 554599

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Damien L. Peterson, *pro se*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Damien L. Peterson has filed a timely App.R. 26(B) application for reopening. Peterson is attempting to reopen the appellate judgment, rendered in *State v. Peterson*, 8th Dist. Cuyahoga No. 109306, 2022-Ohio-835, that affirmed

the convictions rendered in *State v. Peterson*, Cuyahoga C.P. No. CR-19-639520-A, for four counts of aggravated robbery (with multiple firearm specifications, notice of prior conviction and repeat violent offender specifications), four counts of having weapons while under disability (with multiple firearm specifications) and two counts of misdemeanor theft, but remanded for the issuance of a nunc pro tunc order correcting clerical errors in the trial court's sentencing journal entry. We decline to reopen Peterson's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Peterson is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a

court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 4} Moreover, even if Peterson establishes that an error by his appellate counsel was professionally unreasonable, Peterson must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

**II. Argument**

{¶ 5} Peterson does not raise individual proposed assignments of error in support of his claim of prejudice based upon ineffective assistance of appellate counsel as required by App.R. 26(B)(2)(c). However, Peterson has presented sufficient arguments to discern proposed issues in support of the claim of ineffective assistance of appellate counsel. *State v. Cobb*, 8th Dist. Cuyahoga No. 106928, 2019-Ohio-2320. The issues raised by Peterson, in support of his claim of ineffective assistance of appellate counsel, basically involve the failure of appellate counsel to argue a defective preliminary hearing in the Shaker Heights Municipal Court and a lack of jurisdiction on the part of the Cuyahoga County Common Pleas Court to

indict, bring to trial, and convict him of the offenses of aggravated robbery, having weapons while under disability and theft.

{¶ 6} The doctrine of res judicata prevents further review of the issues relating to a preliminary hearing in the Shaker Heights Municipal Court because the issues have already been addressed by this court on direct appeal and found to be without merit. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Logan*, 8th Dist. Cuyahoga No. 88472, 2008-Ohio-1934; *State v. Tate*, 8th Dist. Cuyahoga No. 81682, 2004-Ohio-973.

{¶ 7} This court, in the appellate opinion journalized March 17, 2022, held:

> In his third assignment of error, Peterson claims he was denied due process based on purported defects in a municipal court proceeding that is not before us. He asserts that the criminal complaint filed in the Shaker Heights Municipal Court was defective and that he was improperly denied a preliminary hearing. In the case before us, Peterson's convictions are predicated upon an indictment that he does not challenge.

*State v. Peterson, supra* at ¶ 21.

{¶ 8} In addition, this court addressed the issues relating to the trial court's jurisdiction upon the return of a valid indictment and held:

> Moreover, we note that Peterson's arguments are otherwise meritless. "The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination." *Dowell v. Maxwell*, 174 Ohio St. 289, 290, 189 N.E.2d 95 (1963); *see*

*also State v. Walker*, 2d Dist. Montgomery No. 28970, 2021-Ohio-3053, ¶ 36 ("the issuance of a grand jury indictment renders any defect in the complaint moot"); *State v. Rogers*, 10th Dist. Franklin No. 17AP-610, 2018-Ohio-1073, ¶ 13 ("the issuance of a grand jury indictment renders any defect in the complaint or warrant moot"); *State v. Hess*, 7th Dist. Jefferson No. 02 JE 36, 2003-Ohio-6721, ¶ 17 ("An indictment generally renders any defects in the proceedings arising from the complaint moot").

*Peterson* at ¶ 22.

{¶ 9} We further find that the circumstances do not render the application of the doctrine of res judicata unjust. Peterson has failed to establish any prejudice through the issues raised in support of his claim of ineffective assistance of appellate counsel. *State v. Gulley*, 8th Dist. Cuyahoga No. 109045, 2020-Ohio-4746; *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-5154.

{¶ 10} Application for reopening is denied.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR