PER CURIAM OPINION
{¶ 1} Appellant, Ronald Dudas, appeals the judgment entry of the Lake County Court of Common Pleas, denying his motion to return property, which he filed after he entered his guilty plea. At issue is whether appellant may assert a challenge to the alleged violation of his constitutional rights after he enters a guilty plea. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} This appeal arises out of the case of State v. Dudas, Lake County Common Pleas Court Case No. 06CR000560, pending before this court as Case No. 2006-L-267. That case involves appellant's alleged plot to murder Cuyahoga County Common Pleas Court Judge David Matia.
 {¶ 3} The jury trial in this case began on October 17, 2006. After two days of trial, on October 19, 2006, appellant entered a guilty plea. Appellant pleaded guilty to four counts of intimidation, felonies of the third degree, and one count of retaliation, a felony of the third degree.
 {¶ 4} On December 1, 2006, the trial court sentenced appellant on each of four counts of intimidation to five years, each term to run concurrent to the others. The court sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 5} Thereafter, on December 27, 2006, appellant filed a motion for an order requiring the state to return a stolen laptop computer and his personal and business files. Because the state failed to timely oppose the motion, the court entered an order, dated March 15, 2007, requiring the state to return the laptop and files if the state had possession of them, unless the state filed a representation that the laptop and files were not taken by the state.
 {¶ 6} Then, on March 21, 2007, the state filed a motion to reconsider the court's ruling, asserting the state did not seize the computer and files, which it stated were in the possession of appellant's victim Dennis Golic. The state indicated it had nothing to do with Golic taking appellant's property. The state advised that, prior to his sentencing, appellant and his girlfriend lived in a house owned by the Golics. When appellant's *Page 3 
girlfriend left the house in December, 2006, she left behind the property at issue. The Golics own the real estate and appellant owed them thousands of dollars. Because no one claimed the property, the Golics took possession of it. The prosecutor represented that no agent of the state even knew of the existence of the Golics in December, 2006 or the Golics' possession of appellant's property. The state argued that because it did not possess any of the subject property, it could not return what it did not possess. On April 10, 2007, the court granted the state's motion to reconsider; vacated its order requiring the state to return appellant's property; and denied appellant's motion to return.
 {¶ 7} Appellant appeals the court's ruling on his motion to return his property, asserting the following sole assignment of error:
 {¶ 8} "[The] COURT HAS SANCTIONED THE STATES [SIC] STEALING OF FILES, RECORDS AND PERSONAL PROPERTY IN VIOLATION OF DEFENDANTS [SIC] CONSTITUTIONAL RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES OF ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE DUE PROCESS CLAUSE."
 {¶ 9} Appellant argues that the state seized his laptop computer and files from his residence sometime between January 1, 2006 and August 1, 2006 without a warrant and thus in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. He argues the state used these items as evidence to prosecute him and, as such, they should have been excluded as the "fruits of the poisonous tree." Appellant's motion to return his property is in effect a motion to suppress. He argues *Page 4 
that because the state used this tainted evidence against him, his conviction must be reversed. We do not agree.
 {¶ 10} By entering his plea of guilty, appellant waived the right to challenge in subsequent proceedings the legality of a search and seizure. Crocket v. Haskins (1965), 2 Ohio St.2d 322, 323; Villasino v.Maxwell (1963), 174 Ohio St. 483, 484; Poe v. Maxwell (1964),177 Ohio St. 28, 29.
 {¶ 11} The United States Supreme Court has held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Tollett v.Henderson (1973), 411 U.S. 258, 267.
 {¶ 12} The Supreme Court in Lefkowitz v. Newsome (1975), 420 U.S. 283, further held:
 {¶ 13} "In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to * * * admissibility of various pieces of evidence * * *. A defendant who chooses to plead guilty rather than go to trial in effect deliberately refuses to present his federal claims to the state court in the first instance. * * * Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. * * * It is in this sense, therefore, that ordinarily `a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" Id. at 289, quoting Tollett, supra, at 267. (Citations omitted). *Page 5 
 {¶ 14} Thus, by entering his guilty plea in this case, appellant waived the right to assert any challenge based upon the alleged violation of his rights under the Fourth Amendment.
 {¶ 15} Further, even if appellant had not waived his right to assert his assigned error, he presented no transcript or evidence of any kind in support of his argument. An appellate court in determining the existence of error is limited to a review of the record. State v.Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v. Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. Without any evidence in support of appellant's assignment of error, there is nothing for us to consider. On appeal it is the appellant's responsibility to support his argument by evidence in the record that supports his or her assigned errors. City of Columbus v.Hodge (1987), 37 Ohio App.3d 68. Without a transcript we are bound to presume the regularity of the proceedings. State v. Yankora (Mar. 16, 2001), 11th Dist. No. 2000-A-0033, 2001 Ohio App. LEXIS 1230, *6.
 {¶ 16} For the reasons stated in the Per Curiam Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 {¶ 17} Appellant's motion for summary default judgment is without merit and is hereby overruled. Neither the Rules of Appellate Procedure nor the rules of this court provide for such motion.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1