PER CURIAM OPINION
{¶ 1} Appellant, Ronald A. Dudas, appeals the judgment of the Lake County Court of Common Pleas, dated October 26, 2007, denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.
 {¶ 2} This court affirmed appellant's conviction in State v.Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, discretionary appeal not allowed, 117 Ohio St.3d. 1458, 2008-Ohio-1635
("Dudas I"). That conviction was based on *Page 2 
appellant's guilty plea in Lake County Court of Common Pleas Case No. 06CR000560 ("the murder conspiracy case"), consolidated in the trial court with Case No. 06CR000700 ("the corrupt activity case"). In the murder conspiracy case, appellant plead guilty to four counts of intimidation, in violation of R.C. 2921.03, and one count of retaliation, in violation of R.C. 2921.05. In the corrupt activity case, appellant plead guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; one count of tampering with records, in violation of R.C. 2913.42; one count of forgery, in violation of R.C. 2913.31; one count of felony theft, in violation of R.C. 2913.02; one count of uttering, in violation of R.C. 2913.31; one count of securing writings by deception, in violation of R.C. 2913.43; and one count of telecommunications fraud, in violation of R.C. 2913.05.
 {¶ 3} In the murder conspiracy case, following appellant's sentence in 2005 by Cuyahoga County Common Pleas Judge David T. Matia to 17 months in prison on a felony theft conviction and a parole violation, appellant hired a hit man to murder Judge Matia and to break North Olmsted Detective Simon Cesareo's legs in retaliation for their roles in investigating and sentencing him.
 {¶ 4} In the corrupt activity case, appellant had formed and carried on an enterprise for the ostensible purpose of providing loans to individuals in desperate financial straits, but with the true purpose of stealing their funds and real estate. Many of appellant's victims were near foreclosure, and he took advantage of their plight by stealing the last of their assets. Appellant created spurious loan documents to obtain loans from lenders on behalf of his victims. He then stole the proceeds from these loans. He stole in excess of one million dollars from multiple victims, driving many of *Page 3 
them into financial ruin and/or bankruptcy. The indictment listed 35 victims. He stole more than $100,000 apiece from 14 separate victims.
 {¶ 5} Following a lengthy sentencing hearing in which many of appellant's victims in both cases testified, on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years, each term to run concurrently to the others. The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 6} In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud. The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a total of 30 years in prison.
 {¶ 7} Thereafter, on December 27, 2006, appellant filed a motion for an order requiring the state to return a laptop computer and personal and business files, which he alleged had been seized by police without a warrant and used against him by the state. The trial court denied that motion on April 10, 2007. Appellant appealed the trial *Page 4 
court's order denying his motion to return in State v. Dudas, 11th Dist. No. 2007-L-074, 2007-Ohio-6731 ("Dudas II"), in which we affirmed the trial court's order.
 {¶ 8} Thereafter, on October 4, 2007, appellant filed another motion with the trial court requesting an order that the state "return all seized contraband from the seizing law enforcement agency." The trial court entered an order on October 26, 2007, denying the motion.
 {¶ 9} Meanwhile, on September 13, 2007, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B). On October 3, 2007, the trial court denied that motion. Appellant appeals the trial court's order denying his motion for relief from judgment, asserting for his sole assignment of error:
 {¶ 10} "THE STATE VIOLATED APPELLANTS [SIC] FOURTH AMENDMENT RIGHTS."
 {¶ 11} In these consolidated cases, appellant appeals the trial court's denial of his Civ.R. 60(B) motion for relief from judgment. In his brief appellant argues that, pursuant to an unlawful search of his various businesses, the state seized his laptop computer, files, and other items of property in violation of his Fourth Amendment rights and used them against him in the murder conspiracy case and in the corrupt activity case. He argues "the state issued a search warrant for Country Home Mortgage, Inc., and then entered the offices of Falls Funding Inc; [sic] and Falls Closing Inc; [sic] and removed property not specified in the search warrant that belonged to a separate corporation ***."
 {¶ 12} First, we note that Civ.R. 60(B) does not apply to criminal cases. Civ.R. 1(A). The Ohio Rules of Civil Procedure "prescribe the procedure to be followed in all *Page 5 
courts of this state in the exercise of civil jurisdiction at law or in equity ***." Id. As a result, appellant is not entitled to relief from judgment pursuant to Civ.R. 60(B), and his assignment of error is not well taken.
 {¶ 13} However, even if appellant was entitled to relief under Civ.R. 60(B), his argument would still not be well taken. In Dudas II, appellant asserted the same argument he makes here. As we held inDudas II, by entering his plea of guilty, appellant waived the right to challenge in subsequent proceedings the legality of a search and seizure. Id. at ¶ 10. See, Crocket v. Haskins (1965), 2 Ohio St.2d 322,323; see, also, Villasino v. Maxwell (1963), 174 Ohio St. 483, 484;Poe v. Maxwell (1964), 177 Ohio St. 28, 29.
 {¶ 14} The United States Supreme Court has held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v.Henderson (1973), 411 U.S. 258, 267.
 {¶ 15} The Supreme Court in Lefkowitz v. Newsome (1975), 420 U.S. 283, further held:
 {¶ 16} "In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to *** admissibility of various pieces of evidence ***. A defendant who chooses to plead guilty rather than go to trial in effect deliberately refuses to present his federal claims to the state court in the first instance. *** Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a *Page 6 
plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. *** It is in this sense, therefore, that ordinarily `a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" (Citations omitted.) Id. at 289, quoting Tollett, supra, at 267.
 {¶ 17} The United States Supreme Court held in Haring v. Prosise
(1983), 462 U.S. 306:
 {¶ 18} "*** [A] counseled plea of guilty is an admission of factual guilt so reliable that *** it quite validly removes the issue of factual guilt from the case. *** A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." (Emphasis sic.) Id. at 321, quoting Menna v. New York (1975),423 U.S. 61, at 62-63, n. 2.
 {¶ 19} Thus, by entering his guilty plea in this case, any challenge based upon the alleged violation of his rights under the Fourth Amendment is irrelevant.
 {¶ 20} Next, we observe the issues raised in appellant's brief could have been asserted in Dudas I. As a result, they are also barred by the doctrine of res judicata.
 {¶ 21} In the context of criminal cases, "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." (Emphasis sic.) State v.Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337. *Page 7 
 {¶ 22} This court addressed the issue before this court in State v.Shaw (Mar. 8, 1985), 11th Dist. No. 10-072, 1985 Ohio App. LEXIS 6009. In that case, following the defendant's conviction on his guilty plea, he filed a petition for post conviction relief, arguing an unlawful search of his motor vehicle disclosed payroll checks used by the state against him. This court affirmed the trial court's denial of his motion, holding, "the defendant could have raised and fully litigated the issue during a trial or on appeal ***. Res judicata now bars him from asserting this issue." (Emphasis sic.) Id. at *5. This court held: "Once a defendant pleads guilty, he is estopped from claiming, in retrospect, that a search of his vehicle was illegal." Id. at *4.
 {¶ 23} As noted supra, appellant argues the state seized various items of his property without a warrant and used them against him in violation of his Fourth Amendment rights. He argues the state used this property as evidence against him in his murder conspiracy case and in the corrupt activity case. Therefore, appellant could have asserted this claim in the trial of those cases, if they had gone to trial, or in Dudas I. As noted supra, in Dudas II, appellant made the same argument he now asserts. Appellant's assignment of error is barred by res judicata.
 {¶ 24} Moreover, appellant failed to submit evidence that the state conducted a search or seized any of his property. The search warrant submitted by appellant in support of his motion is unsigned and undated, and is no evidence that a search was conducted by the state that resulted in the seizure of his property. We note that in the trial court the state denied conducting any search and seizure of appellant's property or being in possession of same. *Page 8 
 {¶ 25} Further, because appellant presented no transcript or evidence in support of his argument, his assignment of error is not well taken. An appellate court in determining the existence of error is limited to a review of the record. State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v. Cincinnati (1927),116 Ohio St. 16, at paragraph three of the syllabus. Without any evidence in support of appellant's assignment of error, there is nothing for us to consider. On appeal it is the appellant's responsibility to support his argument by evidence in the record that supports his or her assigned errors. City of Columbus v. Hodge (1987), 37 Ohio App.3d 68.
 {¶ 26} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1