PER CURIAM OPINION
{¶ 1} Appellant, Ronald Dudas, appeals the judgment of the Lake County Court of Common Pleas, dated October 26, 2007, denying his "petition to return all seized contraband from the seizing law enforcement agency." At issue is whether appellant's appeal is barred by res judicata. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant was indicted by the Cuyahoga County grand jury in two separate cases. Thereafter, on appellant's motion, the Supreme Court of Ohio transferred the cases to the Lake County Common Pleas Court as Case No. 06CR000560 ("the murder conspiracy case") and Case No. 06CR000700 ("the corrupt activity case").
 {¶ 3} After two days of trial in the murder conspiracy case, appellant entered a guilty plea on October 19, 2006 in both cases. In the murder conspiracy case, he pled guilty to four counts of intimidation, in violation of R.C. 2921.03, and one count of retaliation, in violation of R.C. 2921.05. In the corrupt activity case, he pled guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; one count of tampering with records, in violation of R.C. 2913.42; one count of forgery, in violation of R.C. 2913.31; one count of felony theft, in violation of R.C. 2913.02; one count of uttering, in violation of R.C. 2913.31; one count of securing writings by deception, in violation of R.C. 2913.43; and one count of telecommunications fraud, in violation of R.C. 2913.05.
 {¶ 4} In the murder conspiracy case, following appellant's sentence in 2005 by Cuyahoga County Common Pleas Judge David T. Matia to 17 months in prison on a felony theft conviction and a parole violation, appellant hired a hit man to murder Judge Matia and to break North Olmsted Detective Simon Cesareo's legs in retaliation for their roles in investigating and sentencing him.
 {¶ 5} In the corrupt activity case, appellant had formed and carried on an enterprise for the ostensible purpose of providing loans to individuals in desperate financial straits, but with the true purpose of stealing their funds and real estate. Many *Page 3 
of appellant's victims were near foreclosure, and he took advantage of their plight by stealing the last of their assets. Appellant created spurious loan documents to obtain loans from lenders on behalf of his victims. He then stole the proceeds from these loans. He stole in excess of one million dollars from multiple victims, driving many of them into financial ruin and/or bankruptcy. The indictment listed 35 victims. He stole more than $100,000 apiece from 14 separate victims.
 {¶ 6} Following a sentencing hearing on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years in prison, each term to run concurrently to the others. The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 7} In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud. The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a total of 30 years in prison. *Page 4 
 {¶ 8} Appellant appealed his conviction in State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, discretionary appeal not allowed, 118 Ohio St.3d 1409, 2008-Ohio-2340 ("Dudas I"), in which we affirmed appellant's conviction.
 {¶ 9} Meanwhile, on December 27, 2006, appellant filed a motion in the trial court for an order requiring the state to return a laptop computer and files, which he alleged had been seized by police without a warrant and used against him by the state. The trial court denied appellant's motion to return on April 10, 2007. Appellant appealed the trial court's order denying this motion in State v. Dudas, 11th Dist. No. 2007-L-074,2007-Ohio-6731 ("Dudas II"), in which we affirmed the trial court's order.
 {¶ 10} Subsequently, on June 19, 2007, appellant filed a motion to compel the trial court to require Dennis and Cheryl Golic, two of appellant's victims in the corrupt activity case, to return appellant's property, which, he claimed, they had stolen from him in June, 2005. On September 26, 2007, the trial court denied appellant's motion. Appellant appealed the trial court's denial of this motion in State v. Dudas, 11th Dist. No. 2007-L-169, 2008-Ohio-3261 ("Dudas III"), in which we affirmed the trial court's order.
 {¶ 11} While Dudas I and Dudas II were pending in this court, on June 29, 2007, appellant filed a petition for post conviction relief in which he argued the state used evidence against him that was obtained during an illegal search. The trial court dismissed that petition on August 22, 2007. This court affirmed that ruling in State v. Dudas, 11th Dist. Nos. 2007-L-140 and 2007-L-141, 2008-Ohio-3262 ("Dudas IV").
 {¶ 12} Then, on September 13, 2007, appellant filed a Civ. R. 60(B) motion for relief from judgment in the trial court, in which he argued that the state issued a search *Page 5 
warrant for one of his businesses and then unlawfully searched and seized property from another one of his businesses and used it against him. On October 3, 2007, the trial court denied that motion. Appellant appealed the trial court's denial of this motion in State v. Dudas, 11th Dist. Nos. 2007-L-170 and 2007-L-171, 2008-Ohio-3260 ("Dudas V"), in which this court affirmed the trial court's judgment.
 {¶ 13} On October 4, 2007, the day after the trial court denied appellant's motion for relief from judgment, appellant filed his petition in the case sub judice. The trial court denied appellant's petition and the instant appeal follows. The instant matter thus represents the fifth appeal in which appellant, after pleading guilty, has challenged the evidence used by the state as being the product of an illegal search and seizure. Appellant now asserts two assignments of error. Because the issues raised in both assigned errors are interrelated, we shall consider them together. For his assignments of error, appellant states:
 {¶ 14} "[1.] THE COURT HAS SANCTIONED THE ILLEGAL STEALING OF FILES, FURNITURE AND PERSONAL PROPERTY. THE FILES, TOOLS, FURNITURE, AND PERSONAL PROPERTY STOLEN WERE IN VIOLATION OF DEFENDANTS [SIC] CONSTITUTIONAL RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES OF ARTICLE 1, SECTION 14, OF THE OHIO CONSTITUTION, AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE DUE PROCESS CLAUSE.
 {¶ 15} "[2.] THE STATE VIOLATED APPELLANTS [SIC] FOURTH AMENDMENT RIGHTS." *Page 6 
 {¶ 16} Once again, appellant argues the Golics illegally entered his home; stole his property; and then, at the prosecutor's direction, turned it over to the state. He also repeats his argument that the state unlawfully seized his property at one of his businesses pursuant to a search warrant that had been issued for another business he owned. Appellant argues the state subsequently used the foregoing evidence in its prosecution against him in violation of his Fourth Amendment rights. He argues we should order the Golics to return his property and require the trial court to suppress all illegally-obtained evidence.
 {¶ 17} First, we note that appellant does not reference the record in support of his assignments of error, in violation of App. R. 16(D). For this reason alone, his assigned errors are not well taken. Moreover, there is no evidence in the record to support appellant's claimed errors.
 {¶ 18} In determining the existence of error, an appellate court is limited to a review of the record. State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v.Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. On appeal it is the appellant's responsibility to support his argument by evidence in the record that supports his assigned errors. City ofColumbus v. Hodge (1987), 37 Ohio App.3d 68. Because there is no record evidence in support of his claimed errors, they are not well taken.
 {¶ 19} Further, appellant's assignments of error are barred by res judicata. In the context of criminal cases, a convicted defendant is precluded under the doctrine of res judicata "from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could *Page 7 have been raised by the defendant at the trial, which resulted in thatjudgment of conviction, or on an appeal from that judgment." (Emphasis added.) State v. Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337.
 {¶ 20} As we held in Dudas III, at ¶ 18, appellant was aware of the alleged Fourth Amendment violation prior to the entry of his guilty plea. He therefore could have but failed to raise the argument he asserts in this case in Dudas I. In fact, in Dudas II, appellant argued that because the state had seized his laptop computer and files without a search warrant, that evidence should have been suppressed. In addition, in Dudas III, appellant argued the trial court should have required the Golics to return his property. In Dudas IV, appellant argued the state's evidence resulted from an unlawful search. InDudas V, appellant argued the state violated his Fourth Amendment rights by executing a search warrant at one of his businesses, although the warrant was for another one of his companies. In Dudas II, Dudas III,Dudas IV, and Dudas V, we held this argument was barred by res judicata. The instant appeal is likewise barred by res judicata.
 {¶ 21} In addition, appellant's assignments of error are precluded by his guilty plea. In Dudas II, this court held:
 {¶ 22} "By entering his plea of guilty, appellant waived the right to challenge in subsequent proceedings the legality of a search and seizure. Crocket v. Haskins (1965), 2 Ohio St.2d 322, 323 * * *;Villasino v. Maxwell (1963), 174 Ohio St. 483, 484 * * *; Poe v.Maxwell (1964), 177 Ohio St. 28, 29 * * *.
 {¶ 23} "The United States Supreme Court has held: `When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he *Page 8 
is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' Tollett v. Henderson (1973), 411 U.S. 258,267 * * *.
 {¶ 24} "The Supreme Court in Lefkowitz v. Newsome (1975),420 U.S. 283, * * * further held:
 {¶ 25} "`In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to * * * admissibility of various pieces of evidence * * *. A defendant who chooses to plead guilty rather than go to trial in effect deliberately refuses to present his federal claims to the state court in the first instance. * * * Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. * * * It is in this sense, therefore, that ordinarily "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."'" Id. at 289, quoting Tollett, supra, at 267. (Citations omitted).
 {¶ 26} "Thus, by entering his guilty plea in this case, appellant waived the right to assert any challenge based upon the alleged violation of his rights under the Fourth Amendment." (Parallel citations omitted.) Dudas II at ¶ 10-14.
 {¶ 27} The United States Supreme Court held in Haring v. Prosise
(1983), 462 U.S. 306:
 {¶ 28} "`* * * [A] counseled plea of guilty is an admission of factual guilt[] so reliable that * * * it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, *Page 9 
therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.'" (Emphasis sic.) Id. at 321, quoting Menna v. NewYork (1975), 423 U.S. 61, 62-63, n. 2.
 {¶ 29} Thus, by entering his guilty plea in this case, appellant admitted his factual guilt and removed the issue of his factual guilt from the case. Because appellant pled guilty, it is irrelevant whether the Golics turned over property belonging to appellant to the state or whether the state exceeded its authority under a search warrant.
 {¶ 30} We also note that, for the first time in his reply brief, appellant argues his guilty plea was not voluntarily entered due to prosecutorial misconduct, ineffective assistance of trial counsel, and the alleged failure of the trial court to comply with Crim. R. 11. Since this argument is not asserted as error in his appellate brief and it is not supported by the record, it is not well taken. Moreover, because appellant could have but failed to assert it in Dudas I, it is barred by res judicata.
 {¶ 31} For the reasons stated in the Opinion of this court, the assignments of error are not well taken, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1