[Cite as *State v. Dudas*, 2020-Ohio-1323.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-L-095**<br>**2019-L-096** |
| RONALD DUDAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2006 CR 000560 and 2006 CR 000700.

Judgment: Affirmed.

*Michael C. O'Malley,* Cuyahoga County Prosecutor; *Christopher D. Schroeder* and *Brandon A. Piteo,* Assistant Prosecutors, The Justice Center, 8th Floor, 1200 Ontario Street, Cleveland, OH 44113 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Ronald Dudas, appeals from the August 28, 2019 Order of the Lake County Court of Common Pleas denying his latest motion to withdraw his guilty plea. In 2006, appellant pled guilty to and was convicted of, inter alia, intimidation of and retaliation against a Cuyahoga County Common Pleas Court judge, intimidation of a police officer, and engaging in a pattern of corrupt activity involving the theft of money and real estate from numerous victims. This is appellant's seventh motion to withdraw

guilty plea.  Further, this is the sixteenth appeal appellant has filed following the denial by the trial court of motions collaterally attacking his conviction.  At issue is whether appellant's present motion is barred by res judicata.  For the reasons stated herein, the order of the Lake County Court of Common Pleas in affirmed.

{¶2}   On April 18, 2006, appellant was indicted by the Cuyahoga County Grand Jury and charged with 14 counts of intimidation, 15 counts of retaliation, two counts of conspiracy to commit aggravated murder, attempted aggravated murder, and attempted felonious assault on a police officer ("the murder conspiracy case").

{¶3}   On September 26, 2006, appellant was indicted by the Cuyahoga County Grand Jury in a 135-count indictment for engaging in a pattern of corrupt activity, 30 counts of tampering with records, ten counts of securing writings by deception, six counts of telecommunications fraud, 46 counts of forgery, 35 counts of theft by deception, theft beyond the scope of the owner's consent, and six counts of money laundering ("the corrupt activity case").

{¶4}   The jury trial in the murder conspiracy case, Case No. 09 CR 000560, began on October 17, 2006.  After two days of trial, on October 19, 2006, appellant plead guilty in both cases, which were consolidated in the trial court.  In the murder conspiracy case, appellant pled guilty to four counts of intimidation of Detective Cesareo and Judge Matia, and one count of retaliation against Judge Matia.  In Case No. 06 CR 000700, the corrupt activity case, appellant pled guilty to engaging in a pattern of corrupt activity, tampering with records, forgery, felony theft, uttering, securing writings by deception, and telecommunications fraud.

2

{¶5}    The matter was set for sentencing on December 1, 2006 at 9:00 a.m.  Earlier that morning, although represented by counsel, appellant filed a pro se motion to withdraw his guilty plea.  When the trial court brought this motion to defense counsel's attention, counsel stated, "we're gonna withdraw that motion. I'm gonna withdraw it on behalf of the Defendant. So we don't have to have a hearing on it and be heard. We'll withdraw the motion to withdraw the plea."  When asked by the court if he agreed with his attorney's remarks, appellant said he did.

{¶6}    Following appellant's sentencing hearing on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years in prison, each term to run concurrently to the others.  The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.

{¶7}    In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud.  The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing writings by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing writings by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a grand total of 30 years in prison.

{¶8} Appellant filed a direct appeal and this court affirmed his conviction in *State v. Dudas*, 11th Dist. Lake Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, *discretionary appeal not allowed at* 118 Ohio St.3d 1409, 2008-Ohio-2340 ("*Dudas I*").

{¶9} Following appellant's sentence, he filed multiple pro se motions and appealed their denial by the trial court. In *State v. Dudas*, 11th Dist. Lake No. 2007-L-074, 2007-Ohio-6731 ("*Dudas II*"), this court affirmed the trial court's denial of appellant's motion to require the state to return his laptop computer and his personal and business files.

{¶10} In *State v. Dudas*, 11th Dist. Lake Nos. 2007-L-140 and 2007-L-141, 2008-Ohio-3262 ("*Dudas III*"), this court affirmed the trial court's dismissal of appellant's first petition for postconviction relief.

{¶11} In *State v. Dudas*, 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261 ("*Dudas IV*"), this court affirmed the trial court's denial of appellant's motion to compel two victims of his theft scheme to return his property.

{¶12} In *State v. Dudas*, 11th Dist. Lake Nos. 2007-L-170 and 2007-L-171, 2008-Ohio-3260 ("*Dudas V*"), this court affirmed the trial court's denial of appellant's Civ.R. 60 motion for relief from judgment.

{¶13} In *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-081 and 2008-L-082, 2008-Ohio-7043 ("*Dudas VI*"), this court affirmed the trial court's denial of appellant's first motion to withdraw his guilty plea.

{¶14} In *State v. Dudas*, 11th Dist. Lake Nos. 2007-L-189 and 2007-L-190, 2008-Ohio-6983 ("*Dudas VII*"), this court affirmed the trial court's denial of appellant's petition to return all seized contraband from law enforcement officials.

4

{¶15} In *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-078 and 2008-L-079, 2009-Ohio-1003 ("*Dudas VIII*"), this court affirmed the trial court's denial of appellant's request for production of documents pursuant to Civ.R. 34 and his "investigative demand against state."

{¶16} In *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001 ("*Dudas IX*"), this court affirmed the trial court's denial of appellant's motion to quash the indictment.

{¶17} In *State v. Dudas*, 11th Dist. Lake Nos. 2009-L-072 and 2009-L-073, 2010-Ohio-3253 ("*Dudas X*"), this court affirmed the trial court's denial of appellant's motion to void judgment and dismiss indictment.

{¶18} In *State v. Dudas*, 11th Dist. Lake No. 2010-L-002, 2010-Ohio-6442 ("*Dudas XI*"), this court affirmed the trial court's denial of appellant's second motion to withdraw his guilty plea.

{¶19} In *State v. Dudas*, 11th Dist. Lake No. 2010-L-003, 2010-Ohio-6576 ("*Dudas XII*"), this court affirmed the trial court's denial of appellant's third motion to withdraw his guilty plea.

{¶20} In *State v. Dudas*, 11th Dist. Lake No. 2010-L-092, 2011-Ohio-4883 ("*Dudas XIII*"), this court affirmed the trial court's denial of appellant's "motion to compel state and trial court to honor legal contract."

{¶21} In *State v. Dudas,* 11th Dist. Lake No. 2010-L-093, 2011-Ohio-5102 ("*Dudas XIV*")[*]; this court affirmed the trial court's denial of appellant's fourth motion to withdraw his guilty plea.

---

[*] Here, we are clarifying the numbering set forth in *State v. Dudas,* 11th Dist. Lake Nos. 2013-L-048 and 2013-L-049, 2014-Ohio-4292 by renumbering *Dudas XIV, XV, XVI, and XVII.*

5

{¶22} In *State v. Dudas*, 11th Dist. Lake No. 2011-L-093, 2012-Ohio-2121 ("*Dudas XV* ")* and 2011-L-094, 2012-Ohio-2122 ("*Dudas XVI* ")*, this court affirmed appellant's resentencing.

{¶23} In *State v. Dudas,* 11th Dist. Lake Nos. 2013-L-048 and 2013-L-049, 2014-Ohio-4292 ("*Dudas XVII* ")*, this court affirmed the trial court's denial of appellant's fifth motion to withdraw his guilty plea and affirmed the trial court's April 26, 2013 order warning appellant and his counsel that "the filing of bad faith, frivolous, unsubstantiated, and/or repetitious motions will incur disciplinary and/or contempt sanctions, including financial sanctions." We find that appellant's present appeal and the underlying motion to withdraw his guilty plea were entirely baseless, unsubstantiated, and repetitious.

{¶24} On November 23, 2010, appellant filed a "motion to take judicial notice of illegal sentence imposed by the Lake County court of Common Pleas as void," arguing his sentence was void because the court's written sentencing entry incorrectly stated that he would be subject to *up to* a maximum of five years of post-release control, when it should have said that post-release control was mandatory for five years. On December 29, 2010, appellant filed another motion with essentially the same arguments. The court denied both motions on May 4, 2011, finding that though the term of post-release control had been improperly imposed, the balance of his sentence was valid, and that he was only entitled to have the post-release control portion of his sentence corrected. At appellant's request, the court scheduled the matter for hearing.

{¶25} A video resentencing hearing has held June 30, 2011, during which the court corrected the term of post-release control, and appellant made an oral motion to withdraw his guilty plea, which the court denied. In *Dudas XV* and *XVI*, this court affirmed

6

his re-sentencing, noting that appellant was correctly advised of post-release control at his change of plea hearing and at his sentencing hearing.

{¶26} On July 11, 2018, appellant filed his seventh motion to withdraw his guilty pleas. This time, appellant argued that this sentence was void because "the [c]ourt did not address [appellant] directly concerning the issue of post-release control **at the** [change of] **plea hearing.**" (emphasis sic.) In its August 28, 2019, the order presently appealed, the trial court found that appellant's implied argument that the court completely failed to address post-release control during his change of plea hearing was barred by res judicata as this court, in *Dudas XIV*, had found that the court substantially complied with Crim.R. 11 during its December 1, 2006 change of plea colloquy and that appellant suffered no prejudice.

{¶27} While appellant argued his motion should not barred by res judicata because it was based on *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, which was decided after his direct appeal was decided, the court found, first, that appellant's arguments could have been made without the *Sarkozy* opinion*,* and, second, that appellant had ample opportunity to cite *Sarkozy* in any of the myriad motions he filed between the *Sarkozy* decision and his July 11, 2018 motion to withdraw his guilty plea.

{¶28} Unsatisfied with that decision, appellant brought the instant appeal, assigning three errors for our review. The first states:

{¶29} [1.] Before a court of appeals may exercise its jurisdiction under Art. IV, Sec. 3(B)(2) of the Ohio Constitution, it must first acquire proper jurisdiction pursuant to R.C. 2505.02.

{¶30} Under his first assignment of error, appellant argues that the sentencing entry is wholly void because of the clerical error regarding post-release control. And if void, he argues, the order was not final and appealable, and thus his arguments are not

7

barred by res judicata because this court did not have jurisdiction to review any of his prior appeals. This argument is without merit.

{¶31} Though appellant asserts that *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, was wrongly decided, it has not been abrogated or overruled and remains applicable to this matter. Appellant here raises the same argument which the appellant in *Fischer* raised. *Id.* at ¶38. The Supreme Court of Ohio, however, expressly rejected this argument, finding that the error in sentencing did not render the entire order not final and unappealable. *Id.* at ¶37. Instead, it found that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. * * * [O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶26, 27. *See also State v. Platt,* 11th Dist. Portage No. 2012-P-0046, 2012-Ohio-5443. Indeed, as this court has held in appellant's other appeals, the error in post-release control only rendered that *part* of appellant's sentence void. *Dudas XV* at ¶20; *Dudas XVI* at ¶24.

{¶32} Second, appellant argues that the court's sentencing entry is not a final, appealable order because the court held a resentencing hearing, instead of correcting the clerical error via a nunc pro tunc entry. Appellant asserts that this was the *only* appropriate remedy, citing Crim.R. 36 and *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111. However, while appellant is correct in that the trial court could have been corrected with a nunc pro tunc entry, neither Crim.R. 36 nor *Qualls* supports his argument. First, Crim.R. 36 simply states, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected

8

by the court at any time." It does not discuss the manner in which clerical errors are to be corrected.

{¶33} Second, appellant misconstrues *Qualls*; while *Qualls* makes it clear that under these circumstances a hearing is not required, *Qualls* does not expressly prohibit the court from holding a hearing. *See id.* at ¶24 ("when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is <u>no need</u> for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.") (Emphasis added.)

{¶34} Even if we were to find the court erred in holding the hearing, appellant does not argue he was prejudiced in any way because of the hearing. Moreover, it was appellant himself who requested the hearing. *Dudas XV* at ¶9. He cannot now take advantage of an error he invited.

{¶35} Finally, appellant argues that the sentencing entry was not final and appealable because entry did not contain a sentence. Appellant notes that in order for a sentencing entry to be final and appealable, the judgment entry must set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, at paragraph one of the syllabus. Since the sentencing entry contained an error regarding post-release control, appellant argues the sentencing entry did not contain a sentence. Again, this argument is without merit, as the Supreme Court of Ohio held in *Fischer, supra.*

9

{¶36} In *Fischer,* the trial court ordered a sentence but did not properly impose post-release control sanctions. Nevertheless, the Court found that the entry did contain a sentence, albeit an illegal one. *Id.* at ¶39. The same is true here; the trial court's sentencing entry included his sentence but incorrectly stated the term of post-release control. Nevertheless, here, as in *Fischer,* the sentencing entry did contain the sentence.

{¶37} Further, in *Fischer,* the Court addressed the appellant's argument that the sentence was not final and appealable, and thus his appeal was not barred by res judicata, stating, "[t]he fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is 'contrary to law.' Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable." *Fischer, supra,* at ¶39.

{¶38} Accordingly, the sentencing entry is a final, appealable order, and the doctrine of res judicata does apply to appellant's appeal. Appellant's first assignment of error is without merit.

{¶39} Appellant's second assignment of error states:

{¶40} [2.] The trial court abuses its discretion and commits prejudicial error pursuant [to] *State v. Sarkozy* (2008), 117 Ohio St. 3d 86, syllabus, "[i]f the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim. R. 11, and the reviewing court must vacate the plea and remand the cause.".

{¶41} Appellant has raised the issue of the trial court's compliance with Crim.R. 11 in *Dudas VI, XV, XII, and XVII.* Thus, appellant is barred by res judicata from again arguing the trial court failed to comply with Crim.R. 11. In *Dudas VI*, this court found that "[b]ased on our thorough and complete review of the record, the trial court scrupulously

10

complied with Crim.R. 11(C), and the record demonstrates appellant's guilty plea was entered voluntarily. *Id.* at ¶58. *See also Dudas XV* at ¶32; *Dudas XII* at ¶23; *Dudas XVII* at ¶54.

{¶42} To the extent appellant argues his argument is not barred by res judicata because it is based on *Sarkozy, supra,* which was decided after his initial appeal, this argument also fails as he did not cite *Sarkozy* in any of the fourteen appeals he has filed since *Sarkozy* was decided, including the four in which he argued the trial court did not comply with Crim.R. 11, all brought after *Srakozy* was decided.

{¶43} Moreover, even if appellant's claims were not barred by res judicata, they would be without merit. In *Sarkozy,* the Supreme Court of Ohio addressed the effect of a complete failure of the trial court during a plea colloquy to advise a defendant of a mandatory term of post-release control. The Court distinguished between a complete failure to advise a defendant of a mandatory term of post-release control from a case in which the defendant was merely misinformed about the length of his term of post-release control, finding a substantial-compliance analysis applicable in the latter instance. *Id.* at ¶22. *See also State v. Siler,* 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶19.

{¶44} *Sarkozy* is applicable to cases in which there was a complete failure to advise the defendant about post-release control. *State v. Garrett,* 9th Dist. Summit No. 24377, 2009-Ohio-2559, ¶18, 19; *State v. Miller,* 3d Dist. Mercer No. 10-18-07, 2018-Ohio-3713, ¶17; *State v. Mason,* 8th Dist. Cuyahoga No. 104533, 2017-Ohio-7065, ¶43. That is not the case here, as appellant was informed of the correct term of post-release control during his change of plea hearing and subsequent sentencing hearing, but the sentencing entry stated the incorrect term.

{¶45} As we held in *Dudas XV*, "the totality of the circumstances here indicates that appellant knew about post release control." *Id.* at ¶33. The written plea given to appellant during his change of plea hearing correctly stated, "I will have 5 years of post-release control." Furthermore, "[i]n response to the court's questions, appellant said he had read and discussed with his attorneys his written guilty plea, which outlined the charges and potential penalties. He said his attorneys had answered all his questions about the written plea to his satisfaction that he agreed with the written plea; and that he wanted to sign it. The judge handed the written plea to appellant, and told him to make sure he read and understood it and to only sign it if that was what he wanted to do. Appellant then signed the written plea and his attorneys signed it as witnesses." *Id.* at ¶32.

{¶46} Accordingly, appellant's second assignment of error is without merit, unsubstantiated, and repetitious.

{¶47} Appellant's third assignment of error states:

{¶48} [3.] A defendant's right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections Ten and Sixteen [of] Ohio's Constitution are violated when counsel allows a defendant to plead guilty before the trial court informed the defendant of the mandatory term of postrelease control which was part of the maximum penalty.

{¶49} Appellant is precluded by res judicata from arguing ineffective assistance of counsel as he has raised this issue in prior appeals. In every instance, this court has rejected his argument. *See Dudas VI, X,* and *XI.*

{¶50} Moreover, even if it was not barred by res judicata, as this court has previously held, this argument is without merit. In *Dudas VI,* this court held:

{¶51} " * * * In the context of a guilty plea, the standard of review for ineffective assistance of counsel is whether: (1) counsel's

12

performance was deficient; and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty. *State v. Madeline*, 11th Dist. No.2000-T-0156, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348, *9, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. The burden of proving ineffective assistance of counsel falls upon the defendant. *Madeline* at *10.

{¶52} " * * *

{¶53} "Based on our thorough and complete review of the record, the trial court scrupulously complied with Crim.R.11(C), and the record demonstrates appellant's guilty plea was entered voluntarily. Further, there is no evidence or affidavits showing trial counsel was deficient or that their representation induced appellant's guilty plea."

{¶54} " * * *

{¶55} "In summary, there is no evidence trial counsel was deficient and we therefore cannot conclude that counsel's performance fell below an objective standard of reasonableness. Further, appellant * * * admitted he understood the terms of the plea bargain and, when asked by the court, stated that his attorneys had done everything he had asked them to do and that he was completely satisfied with their representation. We therefore cannot conclude that appellant was prejudiced by any alleged deficient conduct on the part of his counsel. Finally, there is no evidence in the record that any alleged deficiencies of trial counsel induced appellant to enter his guilty plea." (Emphasis sic.) *Dudas X* at ¶37-41, quoting *Dudas VI* at ¶27-58, 68.

{¶56} And again, "[t]here is no evidence trial counsel's performance was deficient or that appellant suffered any prejudice. Appellant pled guilty and failed to present any evidence that, but for the alleged deficient performance of his trial counsel, he would not have entered his guilty plea." *Dudas X* at ¶42.

{¶57} And again, "[a]ppellant once again argues his plea was induced by his trial counsel's erroneous advice and was therefore involuntary. However, appellant fails to provide what that advice was or how he was prejudiced thereby, and for that reason alone, his argument lacks merit." *Dudas XI* at ¶22.

13

{¶58} Likewise, in the present appeal, appellant does not argue how he was prejudiced by trial counsel's allegedly deficient performance.

{¶59} Accordingly, appellant's third assignment of error is without merit, unsubstantiated, and repetitious.

{¶60} In light of the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.